UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

PAUL FARRAD SIMMONS (also known as Paul Farrad 2X
Simmons and Abdul-Shahid F. Muhammad), Inmate #12038,
ID No. 895-08-00471 (also known by ID No. 241-06-10391),

        Plaintiff,

    -against-

MICHAEL HORN, Commissioner, NYC
Department of Correction at 60 Hudson Street;
Acting Chief of Operations at George R. Vierno
Center, Riker's Island, NYC Department of Correction,

        Defendants.

————————————————————————x

07 Civ. 9798 (CM)

> **USDS SDNY**
> **DOCUMENT**
> **ELECTRONICALLY FILED**
> **DOC #:**
> **DATE FILED:** 4/14/08

ORDER TO SHOW CAUSE

McMahon, J.:

    Plaintiff Paul Farrad Simmons, who is also known as Paul Farrad 2X Simmons and
Abdul-Shahid F. Muhammad, is a *pro se* prisoner. On October 16, 2007, he mailed his
Complaint to the *Pro Se* Office of the U.S. District Court for the Southern District of New York.
The Complaint states as follows: In June 2007, during a routine search of plaintiff's cell at the
George R. Vierno Center ("GRVC") at Riker's Island, a small plastic bottle containing Muslim
Oil was confiscated from plaintiff's cell. Plaintiff took part in the "routine practice of [his] five
daily prayers, making use of [his] Muslim Oil for the prayer as [he had] in the past 27 years as a
practicing Muslim," and stated that the Muslim Oil was "dispensed weekly at another facility."

    Plaintiff expressed to Imam Shahid that he wanted the oil returned, but was told that the
Muslim chaplains "were restrained from acting" due to the policies of the NYC Department of
Correction, specifically Directive #3259 (effective Jan. 22, 1990). This directive sets forth the
Department's policy and procedures regarding the use of Muslim Oils by Muslim inmates and
defines the Department's position regarding the practice of Zakat. Plaintiff complains that, in
light of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et
seq.* (as interpreted in Charles v. Verhagen, 348 F.3d 601 (7th Cir. 2003)), the policy of the NYC
Department of Correction, as well as the act of confiscating plaintiff's Muslim Oil, have
burdened plaintiff's free exercise of religion.

-1-

The Complaint asks this Court to "order Commissioner Horn and [the] Acting Chief of Operations to revise Directives #3259, #3251, [and] #3252 in order to lift the burden of religious prayer and practice," and to change the Department's policy to order the "use [of] federal funds for religious programs/activities to purchase Muslim Oils for minimal distribution weekly by Muslim chaplains . . . ." The Complaint also asks for injunctive relief from retaliation against plaintiff as a result of his Complaint, for monetary damages due to the burden placed on his religious exercise, and for an exemption of all fees. Plaintiff alleges that he exhausted the grievance process at every level but received no substantive response.

On November 2, 2007, Chief Judge Wood granted plaintiff's request to proceed *in forma pauperis.*

Since the Complaint was filed, the Court has received several change of address notices from plaintiff. The facilities at which the plaintiff has been located, and the dates of the letters, are as follows: Bellevue Hospital- Prison Ward (Jan. 10, 2008, Dkt. #4); GRVC at Rikers Island (Jan. 15, 2008, Dkt. #5); Mid Hudson Forensic Psychiatric Center (Feb. 19, 2008, Dkt. #6); Anna M. Kross Correctional Facility at Riker's Island (Mar. 26, 2008, Dkt. #7).

At paragraph VI of his Complaint, plaintiff says that he has filed one other lawsuit in this Court: Simmons v. Cranston, 07 Civ. 3241 (RJH) (MHD). In fact, plaintiff has filed two other actions: Muhammad v. Horn, 07 Civ. 8112 (KMW), and Muhammad v. Healy, 08 Civ. 2825 (JSR). Over the years, plaintiff has filed many other § 1983 cases in this Court using his former prisoner identification number of 00-A-2331, but under the following different variations of his two names: Shahid Muhammad, Abdul-Shahid R., Abdul-Shahid R. Farrakhan-Muhammad, Minister Abdul-Shahid Farrakhan Muhammad, Abdul Shahio Farrakhan Muhammad, A. Shahid Muhammad, Minister Robert Muhammad, Paul Farrad Simmons, and Paul Tyrus Simmons.

At least five of those actions were dismissed for failure to state a claim upon which relief may be granted. Each of those dismissals qualifies as a strike under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The decisions[1] constituting the five strikes are:

1. Shahid Muhammad v. Stayes, 93 Civ. 2318 (CLB), dismissed on April 12, 1993, because it "lacks an arguable basis either in law or in fact." (*See* Dkt. #2, p. 2.)

2. Abdul-Shahid R. v. U.S.A., 95 Civ. 2279 (TPG), dismissed on April 6, 1995, because plaintiff failed to present a cognizable claim under § 1983. (*See* Dkt. #3, pp. 2-3.)

3. Abdul-Shahid F. Muhammad v. Soto, 96 Civ. 4244 (TPG), dismissed on June 10, 1996, because "these three actions, filed *in forma pauperis* under 28 U.S.C. § 1915(a), are

---

[1] For plaintiff's reference, the Court has attached to this Order a copy of each of the "five strikes" decisions.

dismissed because they 'lack[] an adequate basis in either law or in fact." (*See* Dkt. #3, pp. 8-9.)

    4. Paul Simmons v. Travis, 98 Civ. 3033 (TPG), dismissed on April 30, 1998, because plaintiff failed to present a cognizable claim under § 1983. (*See* Dkt. #6, pp. 6-9.)

    5. Minister Abdul-Shahid Farrakhan Muhammad v. NYC Dept. of Corrections, 99 Civ. 838 (TPG), dismissed on February 4, 1999, pursuant to 28 U.S.C. § 1915(e)(2), as it "'lacks an adequate basis in either law or in fact,' Neitzke v. Williams, 490 U.S. 319, 325 (1989), because it is barred by res judicata." (*See* Dkt. #4, pp. 7-8.)

    The "three strikes" provision of the PLRA provides that an incarcerated person cannot proceed *in forma pauperis* if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For the imminent danger exception to apply, the danger must exist at the time the complaint is filed. Otherwise, the Court can revoke the inmate's *in forma pauperis* status. Polanco v. Hopkins, 510 F.3d 152 (2d Cir. 2007) *(per curiam)*. In this case, plaintiff does not allege that he was under imminent danger of serious physical injury.

    Accordingly, the Court directs plaintiff to show cause by affirmation, within twenty (20) days of the date of this Order, why (a) the Court should not revoke plaintiff's *in forma pauperis* status in 07 Civ. 9798, and why (b) plaintiff should not be barred, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), from filing this case or any future civil actions in our Court *in forma pauperis* as a prisoner.[2]

    Furthermore, the Court directs plaintiff to attach a copy of this Order to any Complaint and/or petition which he may submit to the U.S. District Court for the Southern District of New York or any other federal court. Nothing in this Order shall preclude plaintiff from paying the full filing fee to bring a new civil action in this Court or in any other federal court.[3]

---

    [2] For plaintiff's convenience, the Court has attached an Affirmation Form to this Order. Plaintiff should complete the Affirmation Form and submit it to the Court's *Pro Se* Office within twenty (20) days of the date of this Order.

    [3] Although § 1915(g) does not preclude plaintiff from filing future civil actions in this Court upon full payment of the requisite filing fee, plaintiff is warned that a person who files fee-paid civil actions that are dismissed for the reasons specified in § 1915(g) can be barred from filing any future action in this Court, without first obtaining leave of Court, pursuant to the Court's powers under 28 U.S.C. § 1651(a). *See* MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); In re Hartford Textile Corp., 613 F.2d 388, 390-91 (2d Cir. 1979) *(per curiam)*.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
U.S.D.J.

Dated:      New York, New York
            April 11, 2008

Copies of this Order were mailed on this date to:

Paul Farrad Simmons
a/k/a Abdul-Shahid F. Muhammad
ID No. 895-08-00471
A.M.K.C. (C-95)
18-18 Hazen Street
East Elmhurst, New York 11370

Chief Judge Wood (for informational purposes only)

Judge Holwell (for informational purposes only)

Judge Rakoff (for informational purposes only)

Pro Se Office (for informational purposes only)

-4-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

PAUL FARRAD SIMMONS (also known as Paul Farrad 2X
Simmons and Abdul-Shahid F. Muhammad), Inmate #12038,
ID No. 895-08-00471 (also known by ID No. 241-06-10391),

        Plaintiff,                                07 Civ. 9798 (CM)

        -against-                         PLAINTIFF'S AFFIRMATION

MICHAEL HORN, Commissioner, NYC
Department of Correction at 60 Hudson Street;
Acting Chief of Operations at George R. Vierno
Center, Riker's Island, NYC Department of Correction,

        Defendants.

_____x

STATE OF _____ }
COUNTY OF _____ } SS

      I, _____, make the following affirmation under the penalty of
perjury: I am the plaintiff in the above-referenced action and I respectfully submit this
affirmation in response to this Court's order dated _____. I submit that (a) the Court
should not revoke my *in forma pauperis* status in 07 Civ. 9798, and (b) the Court should not bar
me, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), from filing any future civil
action in this Court *in forma pauperis* as a prisoner, because:

_____

_____

_____

_____

_____

_____

[IF NECESSARY, YOU MAY ATTACH ADDITIONAL PAGES BETWEEN THIS PAGE
AND THE SIGNATURE PAGE.]

In view of the foregoing, I respectfully submit that (a) the Court should not revoke my *in forma pauperis* status in 07 Civ. 9798, and (b) the Court should not bar me, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), from filing any future civil action in this Court *in forma pauperis* as a prisoner.


DATED: April _____, 2008


_____
Signature


_____
Print Your Name and ID Number


_____
Address


_____
City, State & Zip Code

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED
APR 12 1993
S. D. OF N.Y.

DOC #2

---

SHAHID MUHAMMAD,

        Plaintiff,

  -against-

C.O. STAVES, Woodbourne C.F.; C.O.
JONES, Woodbourne C.F.; NEW YORK STATE
DEPARTMENT OF CORRECTIONS,

        Defendants.

93 CIV. 2318

ORDER OF DISMISSAL

JUDGE BRIEANT

---

    Plaintiff, a prisoner at Woodbourne Correctional Facility,
brings this action pro se under 42 U.S.C. § 1983, alleging that
during a conversation between defendants Staves and Jones on
December 3, 1992, they referred to plaintiff in "derogatory and
racially discriminatory" terms. Plaintiff also claims that on
December 8, 1992, an unknown person wrote "RAT" on the name tag on
plaintiff's cell. He seeks injunctive relief, as well as monetary
damages of $30,000,00. We grant plaintiff's request to proceed in
forma pauperis, but dismiss the complaint for the following
reasons.

    Although we do not condone the alleged conduct of these
correctional officers, verbal harassment or profanity alone does
not constitute the violation of any federally protected right.
Therefore, plaintiff's claims are not actionable under 42 U.S.C. §
1983. See Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986);
Rahman v. Stephenson, 626 F. Supp. 886, 888 (W.D. Tenn. 1986);
Keyes v. City of Albany, 594 F Supp. 1147, 1155 (N.D.N.Y. 1984)

MICROFILM APR 14 1993 :11 AM

(citing Bolden v. Mandel, 385 F. Supp. 761 (D. Md. 1974));
Franciotti v. Reynolds, 550 F. Supp. 146, 147 (S.D.N.Y. 1982);
Batton v. State Gov't of North Carolina Executive Branch, 501 F.
Supp. 1173, 1180 (E.D.N.C. 1980). We express no opinion as to
whether plaintiff may have a claim cognizable under state law.

Plaintiff's passing allegation that he fears possible
retaliation from Department of Corrections employees regarding a
complaint he filed in connection with this matter is simply
insufficient to sustain the complaint. Wesson v. Oglesby, 910 F.2d
278, 281 (5th Cir. 1990); White v. White, 886 F.2d 721, 724 (4th
Cir. 1989); Fine v. City of New York, 529 F.2d 70, 73 (2d Cir.
1973).

Accordingly, the complaint, filed in forma pauperis under 28
U.S.C. § 1915(a), is dismissed because it "lacks an arguable basis
either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325
(1989); 28 U.S.C. § 1915(d). We certify pursuant to 28 U.S.C. §
1915(a) that any appeal from this order would not be taken in good
faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED

_____
CHARLES L. BRIEANT
United States District Judge

APR 1 2 1993

Dated:  New York, New York

2

**JUDGE GRIESA**

**95 CIV. 2279**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

ABDUL-SHAHID R. FARRAKHAN-MUHAMMAD
(a/k/a PAUL TYRUS SIMMONS),

               Plaintiff,

    -against-

THE UNITED STATES OF AMERICA; THE
STATE OF NEW YORK; THE CITY OF NEW
YORK, JEWISH CHILD CARE (THE CITY OF
NEW YORK); CHILDREN'S VILLAGE (THE
STATE/CITY OF NEW YORK); D.F.Y./
DIVISION FOR YOUTH (THE CITY OF NEW
YORK: CHILDREN'S SHELTER (THE CITY
OF NEW YORK); ST. JOHN'S HOME FOR
BOYS (THE CITY OF NEW YORK),

             Defendants.

---------------------------------------------------------X

#3

ORDER OF DISMISSAL

      Plaintiff, a prisoner at the Bergen County Jail, brings this action pro se under 42 U.S.C. § 1983.  Plaintiff relates a sad story in which in 1968 he was taken from his mother's custody and placed into various shelters and homes for children.  He seeks "reparations" from "those caucasians responsible for their oppositions systematically ordered me from institution to institution for over a period of fifteen years . . . "  in the amount of $20,000,000.  In addition, plaintiff seeks "the right of my proper name to be legally substantiated as Abdul-Shad Farrad Farrakan-Muhammad rather than the slave name I was forced to forbear as Paul Tyrus Simmons . . . [and] the right of dual citizenship in America and Africa equal to the dual citizenry of the Jews . . . ."  We grant plaintiff's request to proceed in forma pauperis, but dismiss the complaint for the following reasons.

It is well settled that the United States, as sovereign, is immune from suit except in instances where it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). As such, the claims against the United States and its agencies are dismissed. The claim against the State of New York and its agencies must also be dismissed. It is clear that the Eleventh Amendment bars from federal court all § 1983 suits for legal or equitable relief brought by citizens against unconsenting states and agencies of such states. Alabama v. Pugh, 438 U.S. 781, 782 (1978)(per curiam); Edelman v. Jordan, 415 U.S. 651 (1974); see also Quern v. Jordan, 440 U.S. 332 (1979) (reaffirming Edelman, § 1983 does not override the immunity granted to States under the Eleventh Amendment). Since New York is an unconsenting state, see Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 40 (2d Cir. 1977), the Eleventh Amendment bars plaintiff's claims against this defendant. See generally Dube v. State Univ. of New York, 900 F.2d 587, 594-95 (2d Cir. 1990), cert. denied, 501 U.S. 1211 (1991).

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York and its agencies, plaintiff must show the existence of an officially adopted policy or custom that caused injury and a causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); Sarus v. Rotundo, 831 F.2d 397, 400 (2d Cir. 1987). Even when liberally construed under Haines v. Kerner, 404 U.S. 519 (1972), the present complaint must be dismissed because it

2

cannot reasonably be interpreted as alleging facts sufficient to demonstrate that plaintiff's injury was caused by any policy or custom of the municipal defendant.

A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, and private parties, thus, are not generally liable. <u>Rendell-Baker</u> v. <u>Kohn</u>, 457 U.S. 830, 838-42 (1982); <u>Flagg Bros. Inc</u>. v. <u>Brooks</u>, 436 U.S. 149, 155-57 (1978); <u>Moose Lodge No. 107</u> v. <u>Irvis</u>, 407 U.S. 163, 173 (1972); <u>Adickes</u> v. <u>S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970). To the extent that any of the named defendants are private agencies who do not work for any state or other government body, a cognizable claim under § 1983 is not presented. Even according the present complaint, filed in forma pauperis under 28 U.S.C. § 1915(a), the most liberal reading, <u>Haines</u> v. <u>Kerner</u>, 404 U.S. 519, 520-21 (1972), it must be dismissed. We certify pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith. <u>See</u> <u>Coppedge</u> v. <u>United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED

THOMAS P. GRIESA
Chief Judge

APR 06 1995
Dated: New York, New York

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



DUPLICATE ORIGINAL

------------------------------------X
                                    :
ABDUL-SHAHID F. MUHAMMAD,           :
                                    :
            Plaintiff,              :
                                    :
      -against-                     :     ORDER OF DISMISSAL
                                    :
BRONX DIVISION OF PAROLE; PAROLE    :
SPECIALIST SOTO; AREA SUPERVISOR DAVID :
WHITE; STATE OF NEW YORK DEPT. OF PAROLE, :
                                    :
            Defendants.             :
------------------------------------X
                                    :
SHAHID MUHAMMAD,                    :
                                    :
            Plaintiff,              :
                                    :
      -against-                     :
                                    :
PAROLE SPECIALIST SOTO, agent for Bronx :
Division of Parole; BILL TRAVIS, Chairman :
of Parole,                          :
                                    :
            Defendants.             :
------------------------------------X
------------------------------------X
                                    :
ABDUL-SHAHID FARRAKHAN MUHAMMAD,    :
                                    :
            Petitioner,             :
                                    :
      -against-                     :
                                    :
SUPERINTENDENT CHRISTORPHER ARTUZ, Green :
Haven Cor. Fac.; COMMISSIONER PHILLIP :
COOMBES, N.Y.S. Dept. of Corrections, :
                                    :
            Respondents.            :
------------------------------------X

        Plaintiff,[1] a prisoner at Green Haven Correctional Facility,

_____

        [1]    For purposes of this Order, the Court shall refer to Mr.
Muhammad as "plaintiff" but notes that he is also the petitioner.
                                                    (continued...)

brings these three actions pro se.[2]    Plaintiff alleges that on August 19, 1994 he was arrested in New Jersey based on a false New York State Parole Warrant.    Plaintiff alleges that his due process rights were violated when he was confined in the Bergen County (New Jersey) Jail for six months without proper notice of the charges against him.    Plaintiff further claims that at his subsequent parole revocation hearing in New York, his due process rights were violated when he was found guilty of violating his parole conditions.    Without much elaboration,[3] plaintiff claims that at the hearing he "was deprived . . . of liberty  and due process, effective assistance of counsel, and subjected to cruel and unusual punishment, as well as denied equal protection of law and lost wages."  Complaint #1, at 4, ¶ IV.  In addition, plaintiff claims that his right to freely exercise his religion while he was on

---

[1](...continued)
In addition, court records indicate that plaintiff has used other names to refer to himself including but not limited to: "Abdul-Shahid Muhammad", "Abdul-Shahid Farrakhan Muhammad", "Shahid Muhammad", "Abdul-Shahid F. Muhammad", "Abdul S. Farrakhan Muhammad", "Abdul S. Muhammad", and "Abu Muhammad".

[2]    This Court's Pro Se Office received the first two actions, which are civil rights complaints under 42 U.S.C. § 1983, on June 6, 1995 and June 12, 1995, respectively.  The last action, a petition for a Writ of Habeas Corpus brought under 28 U.S.C. § 2255, was received on December 14, 1995.  Because petitioner is not challenging the sentence imposed by this Court, but rather challenges the constitutionality of his confinement, we liberally construe his petition as one brought under 28 U.S.C. § 2241.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

[3]    Plaintiff states that he "was given counsel who didn't know anything about the case".  Complaint #2, at 6, ¶ IV(9).  He also alleges that his due process rights were violated when defendant Soto filed an inaccurate report and when defendant Division of Parole failed to investigate the situation fully.  Id. at 7, ¶¶ 16-17.

2

parole was violated by requiring him to follow an offensive condition of parole. He seeks monetary damages and injunctive relief. Plaintiff also asks to be released from confinement. We grant plaintiff's requests to proceed in forma pauperis, consolidate these three actions for the purpose of this Order, but dismiss them for the following reasons.

When a plaintiff seeks to recover damages under 42 U.S.C § 1983 for actions whose unlawfulness would render a conviction or sentence invalid, plaintiff must first prove that the underlying conviction or sentence has been reversed on direct appeal, expunged by executive order, invalidated by a state tribunal authorized to make such determinations, or otherwise called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. Heck v. Humphrey, ____ U.S. ____, 114 S. Ct. 2364, 2372-73 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."); Cameron v. Fogarty, 806 F.2d 380, 386-88 (2d Cir. 1986), cert. denied, 481 U.S. 1016 (1987) ("the common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested." Id. at 387 (citations omitted)); Dukes v. New York, 743 F. Supp. 1037, 1040-41 (S.D.N.Y. 1990); Unger v. Cohen, 718 F. Supp. 185, 187 (S.D.N.Y. 1989). The Heck analysis "applies to proceedings which call into question the fact or duration of

3

parole." Littles v. Board of Pardons & Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995) (per curiam) (quoting Jackson v. Vannoy, 49 F.3d 174, 177 (5th Cir.), cert. denied, ___ U.S. ___, 116 S. Ct. 148 (1995)); see also Gray v. Ukiah City Police Dep't, No. C 95-1002 (MHP), 1995 WL 352961, at *1-2 (N.D. Cal. June 7, 1995) (no cognizable claim arising out of parole revocation where revocation has not been invalidated by state court); Kevakian v. Kennedy, No. C 94-20382 (JW), 1995 WL 7938, at *5 (N.D. Cal. Jan. 6, 1995) (no cognizable claim arising out of parole violation where the conviction has not been invalidated). A claim, such as the one in the instant action, challenging the validity of parole proceedings necessarily draws into question the fact and duration of parole. See McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (per curiam). Because plaintiff in the instant action fails to allege that the charges against him were ultimately terminated in his favor, these actions must be dismissed because they "lack[] an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(d); see also Cooper v. Murray, 47 F.3d 1164 (4th Cir. 1995) (per curiam).

Furthermore, plaintiff's allegations that his due process rights were violated during his six-month confinement in a New Jersey county jail without having notice of the New York parole charge or an opportunity to be heard cannot sustain a cognizable claim under § 1983 in light of Heck. "[I]f Plaintiff is attempting to claim that the alleged delay in processing his detainers rendered his subsequent convictions improper under the Interstate

4

Agreement on Detainers, 18 U.S.C.A. App. 2, he cannot pursue such a claim unless and until he has succeeded in overturning his convictions." Robertson v. Merola, 895 F. Supp. 1, 5 (D.C.D.C. 1995) (citing Heck v. Humphrey, ____ U.S. ____, 114 S. Ct. 2364, 2372 (1994); see Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994).

In short, plaintiff must first successfully challenge the validity of his parole revocation in the state courts before asserting violations of his constitutional rights cognizable under 42 U.S.C. § 1983 in federal court. See Heck, 114 S. Ct. at 2372; McGrew, 47 F.3d at 161.

Since plaintiff also is seeking to be immediately released from custody, we will treat that portion of the complaint in the second action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475 (1973); see Wolff v. McDonnell, 418 U.S. 539, 554 (1974). A state prisoner, however, may not circumvent the exhaustion prerequisites for habeas corpus relief by requesting such relief under § 1983. Preiser, 411 U.S. at 489-90. Since the present pleadings do not demonstrate that plaintiff exhausted the available state remedies in accordance with 28 U.S.C. § 2254(b) and (c), the petition must be dismissed. Picard v. Connor, 404 U.S. 270, 275 (1971); see also McGrew, 47 F.3d at 161. Similarly, plaintiff's application for habeas corpus relief under 28 U.S.C. § 2241 must be dismissed for failure to exhaust the state remedies available to him. Cf. Masselli v. United States Parole Commission, 631 F. Supp. 1442, 1445 (S.D.N.Y. 1986) ("federal prisoner must exhaust available administrative

5

remedies before seeking habeas corpus relief in the district court." Id. (citing Guida v. Nelson, 603 F.2d 261 (2d Cir. 1979) (per curiam))); Miller v. Quinlan, 564 F. Supp. 802, 804 (S.D.N.Y. 1983); Payton v. Thomas, 486 F. Supp. 64, 70 (S.D.N.Y. 1980).

As to plaintiff's allegation that his right to freely exercise his religion was violated, we dismiss his passing reference to such a claim under 28 U.S.C. § 1915(d). Complaints which contain only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are subject to dismissal under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Wesson v. Oglesby, 910 F.2d 278, 281 (5th Cir. 1990) ("IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts, . . . is a prime candidate for dismissal under 1915(d)."); White v. White, 886 F.2d 721, 724 (4th Cir. 1989); see Fine v. City of New York, 529 F.2d 70, 73 (2d Cir. 1975) (civil rights complaints "are plainly insufficient unless they contain at least some allegations of fact indicating a deprivation of civil rights."); Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). Under § 1915(d), even pro se complaints are required to contain at least "some minimum level of factual support for their claims." White, 886 F.2d at 724. Those that do not are subject to dismissal as they "lack[] an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Even accepting plaintiff's claims as true and according them a liberal construction, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), they are vague,

6

conclusory and unsupported by concrete instances or examples of the alleged wrongdoing. Plaintiff not only fails in the instant action to identify the offending condition of parole, but also fails to explain how his right to freely exercise his religion has been substantially burdened by defendant officials. Religious Freedom and Restoration Act of 1993, 42 U.S.C. § 2000bb-1; see Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir. 1995) (per curiam) ("substantial burden" results when inmate is "prevent[ed] . . . from engaging in conduct or having a religious experience which the faith mandates. This interference must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine." Id. (quoting Graham v. Commissioner, 822 F.2d 844, 850-51 (9th Cir. 1987), aff'd sub nom., Hernandez v. Commissioner, 490 U.S. 680 (1989))); Davidson v. Davis, No. 92 Civ. 4040 (SWK), 1995 WL 60732, *5-6 (S.D.N.Y. Feb. 14, 1995); Woods v. Evatt, 876 F. Supp. 756, 772-73 (D.S.C. 1995). Plaintiff's failure to allege facts demonstrating that "the government's action pressures him to commit an act forbidden by his religion or prevents him from engaging in conduct or having a religious experience mandated by his faith," is fatal to his claim. Davidson, 1995 WL 60732, at *5.

Certainly, pro se complaints should be interpreted liberally, as pro se litigants are held to less stringent standards than attorneys. See Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996); Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (per curiam); accord Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994);

see also Hughes v. Rowe, 449 U.S. 5, 9 (1980).  In other
circumstances, such "sparse pleadings by a pro se litigant
unfamiliar with the requirements of the legal system may be
sufficient at least to permit the plaintiff to amend his complaint
to state a cause of action." Davidson v. Flynn, 32 F.3d 27, 31 (2d
Cir. 1994).  The plaintiff in the instant actions, however, is far
from being a "pro se litigant unfamiliar with the requirements" of
the judicial process.  This plaintiff has submitted more than ten
actions to this Court in the past five years.  See, e.g., Muhammad
v. Sielaff, No. 91 Civ. 7275 (LAP) (S.D.N.Y. Aug. 3, 1995)
(defendants' motion for summary judgment granted); Muhammad v.
A.R.D.C.  (S.D.N.Y. June 16, 1994) (stipulation & settlement).
Many of these actions also contain allegations of First Amendment
violations.  See, e.g., Muhammad v. New York State Dep't of
Corrections, et al., No. 96 Civ. 0746 (LAP) (pending); Muhammad v.
Artuz, No. 95 Civ. 9923 (LAP) (pending); Muhammad v. Coughlin, No.
91 Civ. 6333 (LAP) (S.D.N.Y. Oct. 17, 1995), as reported in 904 F.
Supp. 161 (settled in part, judgment for remaining defendants);
Muhammad v. Wali, No. 90 Civ. 8001 (LAP) (S.D.N.Y. Nov. 12, 1992)
(dismissed for lack of prosecution).  Under these circumstances,
plaintiff's conclusory allegations that defendants violated his
right to freely exercise his religion are insufficient to sustain
a claim under 42 U.S.C. § 1983.  Religious Freedom and Restoration
Act of 1993, 42 U.S.C. § 2000bb-1; see Davidson, 32 F.3d at 31.

Accordingly, these three actions, filed in forma pauperis
under 28 U.S.C. § 1915(a), are dismissed because they "lack[] an

8

arguable basis either in law or in fact." <u>Neitzke</u> v. <u>Williams</u>, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(d). Because plaintiff's application for habeas corpus relief under 28 U.S.C. § 2241, as well as a portion of the second complaint which was treated as a petition for habeas corpus relief, present no questions of substance for appellate review, a certificate of probable cause will not issue. <u>Rodriguez</u> v. <u>Scully</u>, 905 F.2d 24 (2d Cir. 1990) (per curiam); <u>Alexander</u> v. <u>Harris</u>, 595 F.2d 87, 90-91 (2d Cir. 1979). We certify pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith. See <u>Coppedge</u> v. <u>United States</u>, 369 U.S. 438, 444-45 (1962).

       SO ORDERED

                                        THOMAS P. GRIESA
                                           Chief Judge

JUN 1 0 1998

Dated:  New York, New York

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**98 CIV. 3033**

Doc #6

------------------------------------------------------------X
                                                            :
PAUL SIMMONS (SHAHID MUHAMMAD);                             :
DARELL LAWRENCE; DERRICK GADSON;                            :
ANTON COSME (AKA ANTHONY NELSON),                           :
ON BEHALF OF ALL PAROLE VIOLATORS                          :
SENTENCED BEFORE JANUARY 27, 1997                          :
                                                            :
          Plaintiff,                                        :
                                                            :
     -against-                                              :      ORDER OF DISMISSAL
                                                            :
CHAIRMAN: COMMISSIONER BRION TRAVIS,                        :
N.Y.S. DIV. OF PAROLE; ALL NYC BORO DIVISIONS :
OF PAROLE; RIKERS ISLAND JUDICIAL CNTR;                    :
STATE OF NEW YORK                                           :
                                                            :
          Defendants.                                       :
------------------------------------------------------------X
                                                            :
PAUL SIMMONS (SHAHID MUHAMMAD)                             :
                                                            :
          Petitioner,                                       :
                                                            :
     -against-                                              :      ORDER OF DISMISSAL
                                                            :
WARDEN DAVID SCHOENFELD; BRONX DIV. OF                     :
PAROLE FOR NYS PAROLE; R.I.J.C. PAROLE                     :
REVOCATION CENTER                                           :
                                                            :
          Respondents.                                      :
------------------------------------------------------------X

*Pro Se* plaintiffs, presently detained at Rikers Island, bring this 42 U.S.C. § 1983 action

against defendants. Petitioner Simmons brings his *habeas corpus* petition *pro se* under 28 U.S.C. §

2254. We consolidate the action and petition solely for the purposes of this order.

In both the complaint and the petition, the plaintiffs[/petitioner] challenge[s] changes to

administrative regulations respecting standards for parole revocation and the increased terms of

1

incarceration specified thereunder for individuals whose parole has been revoked and who were convicted of particular classes of offenses. Plaintiffs, as putative class members,[1] object to the application of these guidelines to a class of parolees originally sentenced and paroled before January 27, 1997, the effective date of the regulations. Plaintiffs argue that the regulatory change violates (1) the prohibition on Ex Post Facto laws, U.S. Const. Art. 1, § 9, cl. 3 and § 10, cl. 1, and (2) due process. Plaintiffs believe this regulatory change was unilaterally imposed by defendant Commissioner Travis.

Plaintiffs seek (1) $25,000,000 in punitive damages against all defendants; (2) the vacating of all parole determinations under the new regulations for parole violators who were sentenced and paroled before January 27, 1997 (hereinafter "class members"); (3) the release on parole of all class members affected by the new regulations; (4) an injunction reinstating the old regulations/guidelines and prohibiting defendants from implementing the new regulations; (5) the removal of all records of determinations under the new regulations from class members' files; and (6) an order of protection against the application of the new regulations to the plaintiffs.

Petitioner Simmons' petition argues that passage of the new regulations by "Parole," and their application to the group of parolees referred to as "class members" above violates the Ex Post Facto clause. He seeks prospective injunctive relief against the Rikers Island Judicial Center to prevent the application of the new regulations to him, and his release on parole if respondents attempt to apply the new regulations to him. He indicates that parole revocation proceedings were

---

[1] We note that the instant complaint cannot proceed as a class action. "[I]t is well settled in this circuit that pro se plaintiffs cannot act as class representatives." McLeod v. Crosson, No. 89 Civ. 1952 (CSH), 1989 U.S. Dist. LEXIS 2796, at *3 (S.D.N.Y. Mar. 21, 1989). See also, Turner v. Coughlin, No. 89-CV-722, 1992 WL 739947, at * 2 (N.D.N.Y. July 6, 1992) (citing Phillips v. Tobin, 548 F.2d 408 (2d Cir. 1976)).

commenced against him in September 1997, and were to be completed on October 31, 1997. Pet. at 5. Petitioner alleges that Parole Revocation Specialist Robert Shaw's prospective application of these regulations to petitioner violates the Constitution; is without an adequate basis in fact; and further is retaliation for having filed a § 1983 lawsuit. Pet. Aff. at 1-2. Petitioner had been detained for seven months when he filed his petition. Pet. Aff. at 2-3.

We grant plaintiffs' and petitioner's request to proceed *in forma pauperis*, but dismiss the complaint and petition for the reasons set forth below.

## BACKGROUND

On December 24, 1996, the New York State Board of Parole, pursuant to statutory authority, promulgated changes to the regulations governing final parole revocation hearings. See N.Y. Exec. L. § 259-c 4 (McKinney 1993 & Supp. 1997). The changes, filed as an emergency measure, became effective January 27, 1997. N.Y. Comp. Codes R. & Regs. tit. ix, subtit. CC, § 8005.20; see also Sentencing Reform Act of 1995, ch. 3, §§ 39-44, L. 1995 (June 10, 1995) amending N.Y. Exec. Law § 259-c, i, j, r (McKinney 1993 & Supp. 1997) (effective October 1, 1995); N.Y. Crim. Proc. L. § 410.91 Notes.

## DISCUSSION

As an initial matter, we note that the putative class plaintiffs fail to allege that they have been personally affected by the changed regulations. To obtain injunctive relief, a plaintiff must show:

(a) that she will suffer irreparable harm in the absence of an injunction and (b) either (i) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor.

Tom Doherty Associates, Inc. v. Saban Entertainment, Inc., 60 F.3d 27, 33 (2d Cir. 1995); Wali v. Coughlin, 754 F.2d 1015 (2d Cir. 1985). In the instant case, even if *pro se* litigants could bring a

3

class action, it is questionable whether plaintiffs have standing to bring this action on behalf of the plaintiff class. Moreover, plaintiffs' claims are not likely to succeed on the merits. Plaintiffs' requests for a preliminary injunction and a temporary restraining order are therefore denied.

Plaintiffs' allegations against Commissioner Brion Travis, Chairman of the New York State Board of Parole in the State Division of Parole, N.Y. Exec. L. § 259-a, b (McKinney 1993), must be dismissed. As a prerequisite to a damage award under § 1983, plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation, Al-Jundi v. Estate of Nelson Rockefeller, 885 F.2d 1060, 1065-66 (2d Cir. 1989); Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986); McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978), or that the defendant had actual or constructive notice of the deprivation. Al-Jundi, 885 F.2d at 1066; McCann v. Coughlin, 698 F.2d 112, 125 (2d Cir. 1983); Wright v. McMann, 460 F.2d 126, 134-35 (2d Cir. 1972). Liability for damages in a § 1983 action may not be based on the *respondeat superior* or vicarious liability doctrines. Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978)("Monell"); Al-Jundi, 885 F.2d at 1065; Johnson v. Glick, 481 F.2d 1028, 1034 (2d Cir.), cert. denied, 414 U.S. 1033 (1973). Plaintiffs fail to allege any facts respecting defendant Travis indicating either his actual or constructive notice of plaintiffs' claims or his personal responsibility.

The constitutional prohibition of ex post facto laws forbids the federal, U.S. Const. Art. I, § 9, cl. 3, or state, U.S. Const. Art. I, § 10, cl. 1, governments from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28 (1981) (quoting Cummings v. Missouri, 4 Wall. 277, 325-26 (1867)); California Dept. of Corrections v. Morales, 514 U.S. 499, 504 (1995) ("Morales"); Collins v. Youngblood, 497 U.S. 37, 42-43 (1990). What "legislative

adjustments will be held to be of sufficient moment to transgress the constitutional prohibition must be a matter of degree." Lee v. Governor of New York, 87 F.3d 55, 59 (2d Cir. 1996) (quoting Morales, id. at 509) (internal citation and quotation marks omitted) ("Lee").[2]  The "focus of the ex post facto inquiry is ... whether a legislative change ... alters the definition of criminal conduct or increases the penalty by which a crime is punishable." Morales, id. at 506 n. 3.  Plaintiffs, who are currently detained, challenge the application to them of new regulations governing final parole revocation hearings.  In an ex post facto challenge to the application of a parole regulation, promulgated after petitioner was sentenced, but before his surrender to authorities after he absconded from parole supervision, the dismissal of petitioner's habeas petition was upheld because the new regulation had not changed the underlying law governing parole revocation. Caballery v. U. S. Parole Comm'n, 673 F.2d 43 (2d Cir.), cert. denied 457 U.S. 1136 (1982).  This was so notwithstanding the parole commission's prior practice of including the time that absconded youth offender parolees spent not under supervision in the computation of the time served under the original sentence. Caballery, id at 46-47.  Moreover, changes in administrative regulations, rather than statutes, are not ex post facto laws because regulations are not "laws." Francis v. Fox, 838 F.2d 1147, 1150 (11th Cir. 1988);

---

[2]  On January 24, 1995, Governor George E. Pataki signed Executive Order No. 5 ("E.O. 5"), which ordered the Commissioner of the Department of Corrections to stop transferring inmates sentenced as violent felony offenders to temporary release programs and residential treatment facilities.  N.Y. Comp. Codes R. & Regs. tit. ix, § 5.5.  Inmates convicted of violent felony offenses and thereby barred by E.O. 5 and its implementing regulations from participation in temporary release programs brought a successful separation of powers challenge to the executive order and regulations. Dorst v. Pataki, 633 N.Y.S. 2d 730, 734-35 (Sup. Ct. 1995), aff'd on other grounds 654 N.Y.S. 2d 198 (App. Div. 1997), aff'd No. 232, 90 N.Y.2d 696, 1997 WL 720712 (N.Y. Nov. 20 1997) (slip op.).  The Dorst court registered its due process concern with "the fairness of excluding from temporary release programs inmates previously approved for such programs" under the challenged executive order. Dorst, 633 N.Y.S. 2d at 737.  The legislature enacted a law giving the governor authority to exclude or otherwise limit the participation of otherwise eligible inmates in the temporary release program. Sentencing Reform Act of 1995, ch. 3, § 29, L. 1995 (June 10, 1995); Dorst, 633 N.Y.S. 2d at 732, 735.  The Lee court held that the 1995 (and some 1994) legislative changes (to N.Y. Correct L. §§ 851-861) and E.O. 5, which rendered "certain prisoners ineligible for temporary release whereas previously they would have been eligible only with the (discretionary) permission of the Commissioner" was not an increase in punishment and did not violate the prohibition on ex post facto laws. Lee, 87 F.3d at 60.

Bailey v. Gardebring, 940 F.2d 1150, 1156-1157 (8th Cir. 1991), cert. denied 503 U.S. 952 (1992);

Finocchiaro v. James, No. 87 Civ. 3794 (MGC), 1988 WL 140865, at * 4-5 (S.D.N.Y. Dec. 21,

1988) (The "key factor in ex post facto analysis is the amount of discretion retained by prison

officials[;] ... discretionary administrative policy regulating prisoners [does not qualify as "law"] even

if changes in the policy are applied retroactively and adversely affect a prisoner."); see also Hamm

v. Latessa, 72 F.3d 947 (1st Cir. 1995) cert. denied __ U.S. __, 117 S.Ct. 154 (1996) (no ex post

facto violation where state changed and applied policy respecting parole eligibility hearing to

incarcerated inmate during sentence). Plaintiffs fail to allege that the new regulation in any way alters

the definition of criminal conduct or increases the penalty for such conduct, or that the regulations

are "law" for the purposes of ex post facto analysis. Plaintiffs have further failed to show that the

regulations have actually been applied to them. The claim regarding changes in the administrative

regulations governing parole must therefore be dismissed.

Although a parolee enjoys a "conditional liberty" protected by due process, Morrissey v.

Brewer, 408 U.S. 471, 480-82 (1972), plaintiffs' allegations that their due process rights were

violated by the promulgation of the regulations at issue cannot sustain a claim under 42 U.S.C. §

1983. "The essence of parole is release from prison, before the completion of sentence, on the

condition that the prisoner abide by certain rules during the balance of the sentence." Young v.

Harper, __ U.S. __, 117 S.Ct. 1148, 1151 (1997) (quoting Morrissey, id. at 477). It is well-settled

that the New York statutory scheme governing parole does not create "liberty interest" - a

constitutionally protectable expectation of parole - entitled to due process protection. Boothe v.

Hammock, 605 F.2d 661 (2d Cir. 1979) (discussing effect of Greenholtz v. Inmates of the Nebraska

Penal and Correctional Complex, 442 U.S. 1 (1979) on Second Circuit due process jurisprudence);

Brown v. Selsky, No. 95-CV-1585 (RSP)(DS), 1997 WL 289162, at * 3, 6 (N.D.N.Y. May 30, 1997). The statute governing parole states "[d]iscretionary release on parole shall not be granted merely as a reward for good conduct or efficient conduct of duties while confined but after considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law." The provision further specifies the evidentiary matter to be considered during the parole eligibility determination. N.Y. Exec. L. § 259-i(2)(c) (McKinney 1993 & Supp. 1997). Moreover, New York's procedures for parole revocation "generally satisfy due process." Calhoun v. Division of Parole Officers, 999 F.2d 647, 652 (2d Cir. 1993) (citing N.Y. Exec. L. § 259-i(3)(f)); see also Lee, 87 F.3d at 58-59 (plaintiffs who challenged restrictive law and regulations respecting access to temporary release program found not to have due process liberty interest); Augle v. Board of Parole, 597 N.Y.S. 2d 213 (App. Div. 1993) (in a parole revocation challenge court states that board decisions regarding parole "are not subject to judicial review if made in accordance with law" citing N.Y. Exec. L. § 259-i(5)). Accordingly, plaintiffs cannot sustain a due process claim under 42 U.S.C. § 1983. Since petitioner Simmons apparently has been afforded both a preliminary hearing and a final revocation hearing, in accordance with the statutorily specified procedures, see N.Y. Exec. L. § 259-i(3), and any constitutional impropriety in that proceeding must be exhausted, see N.Y. Exec. L. § 259-i(4) before this court can consider it on habeas, see 28 U.S.C. § 2254(b), petitioner's due process claim must also be dismissed.

As to any individual parole official (Commissioner Travis) named herein, the degree of immunity afforded to these individuals depends on their particular function. Stewart v. Lattanzi, 832

7

F.2d 12, 13 (2d Cir 1987) ("Stewart"); Miller v. Garrett et al., 695 F. Supp. 740, 745 (S.D.N.Y. 1988) (citations omitted); Anderson v. New York State Division of Parole, 546 F. Supp. 816, 824-825 (S.D.N.Y. 1982) ("Anderson"). Parole board officials and parole officers are generally afforded absolute immunity from civil damage awards for quasi-judicial functions such as determinations to grant or deny parole, the imposition of parole conditions, and the conduct of parole release and revocation hearings. See e.g. Anderson, id. at 825; Scotto v. Almenas, No. 95 Civ. 9379 (JSM), 1996 WL 492996, at * 4-5  (S.D.N.Y. Aug. 28, 1996) (citing Johnson v. Kelsh, 664 F. Supp. 162 (S.D.N.Y. 1987) (Weinfeld, J.)); Hilliard v. Board of Pardons and Paroles, 759 F.2d 1190, 1193-94 (5th Cir. 1985) *(per curiam)*; Anderson v. Boyd, 714 F.2d 906, 908-09 (9th Cir. 1983). Although petitioner Simmons does not name Parole Revocation Specialist Shaw as a defendant in the 42 U.S.C. § 1983 action, the matters of which he complains in the affirmation attached to his habeas petition relate to the conduct of petitioner's revocation hearing. If this claim were properly before the court, Shaw would most likely be entitled to absolute immunity.   Qualified immunity will be provided if the official's non-adjudicative acts or conduct "did not violate clearly established constitutional or statutory rights of which a reasonable person would have known." Stewart, 832 F.2d at 13 (citations omitted).   Since plaintiffs here failed to show that defendants have (1) violated the constitutional prohibition against Ex Post Facto laws, and (2) denied them due process of law by applying or seeking to apply the amended regulation to them, we need not reach the question of defendants' qualified immunity. Calhoun, 999 F.2d at 652 (citing Siegert v. Gilley, 500 U.S. 226 (1991)).

Plaintiffs' complaint against the New York State Division of Parole (the "NYC Boro Divisions of Parole"), and New York State, must be dismissed.  The Eleventh Amendment bars from federal court all suits brought under 42 U.S.C. § 1983 for legal or equitable relief brought by citizens against

8

unconsenting states and agencies of such states. Alabama v. Pugh, 438 U.S. 781, 782 (1978); Edelman v. Jordan, 415 U.S. 651 (1974). Since New York is an unconsenting state, see Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 40 (2d Cir. 1977), and the Division of Parole is an agency of the state, the Eleventh Amendment bars plaintiffs' claims. See generally Dube v. State Univ. of New York, 900 F.2d 587, 594-95 (2d Cir. 1990), cert. denied, 501 U.S. 1211 (1991); Anderson, 546 F. Supp. at 823.

In order to sustain a claim for relief under 42 U.S.C.§ 1983 against a municipal defendant, such as the Rikers Island Judicial Center, plaintiffs must show the existence of an officially adopted policy or custom that caused injury and a causal connection between the policy or custom and the deprivation of a constitutional right. Monell, 436 U.S. at 690; Sarus v. Rotundo, 831 F.2d 397, 400 (2d Cir. 1987). Even when liberally construed, the present complaint cannot reasonably be interpreted as alleging facts sufficient to demonstrate plaintiff's injury was caused by any policy or custom of the municipal defendant. Rather, their complaint concerns the Board of Parole's change to its regulations. Plaintiffs' instant claim against the City defendants must therefore be dismissed.

To the extent that plaintiffs seek damages for conduct by state actors that would render unconstitutional the conviction and sentence under which they are presently confined, the § 1983 claim cannot be sustained unless the underlying conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) ("Heck"). To the extent that plaintiffs are petitioning the Court to reinstate them to parole by vacating their convictions and sentences, we will treat that portion of their complaint as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475 (1973); see Wolff v. McDonnell, 418 U.S. 539, 554 (1974). A state prisoner, however, may not circumvent the exhaustion prerequisites for habeas corpus relief by

9

requesting such relief under § 1983.  Preiser, 411 U.S. at 489-90.  Since the present pleadings do not demonstrate that plaintiffs exhausted the available state remedies in accordance with 28 U.S.C. § 2254(b) and (c), their complaint must be dismissed.  Picard v. Connor, 404 U.S. 270, 275 (1971).  As to petitioner Simmons, since he challenges a parole revocation proceeding that was not yet final at the time he filed the instant petition, his petition is premature to the extent that he too has not exhausted his claim(s).  Picard, id.  Thus his petition must also be dismissed.

Moreover, there is no claim for damages under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction, including a revocation of parole, unless the underlying determination terminated in plaintiffs' favor.  See generally Heck, 512 U.S. at 486-487; Moore v. New York Parole Bd., 93 Civ. 8913 (LLS), 1996 WL 308694, at * 5  (S.D.N.Y. June 7, 1996) (Relying on Heck to dismiss, without prejudice, plaintiff's claims based upon his revocation proceedings "for lack of a showing that he successfully invalidated the decisions denying him release . . ."); see also Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995) (Heck bars challenge to parole revocation decision, where underlying conviction was not expunged, reversed, declared invalid, or called into question by a federal court's writ of habeas corpus); Ra v. Stepp, C96-0550 MHP, 1996 WL 209713, at *1 (N.D. Cal. April 23, 1996) ("An action attacking the validity of confinement resulting from parole revocation proceedings calls into question the fact and duration of confinement and therefore must satisfy the Heck requirement.").  Accordingly, plaintiffs' present lawsuit is defeated because they fail to allege that their parole revocations have been invalidated.

## CONCLUSION

The complaint and petition, filed *in forma pauperis* under 28 U.S.C. § 1915(a), are dismissed in their entirety. 28 U.S.C. § 1915(e)(2).  A certificate of appealability will not issue.  Lozada v.

<u>United States</u>, 107 F.3d 1011 (2d Cir. 1997) (district court has jurisdiction to rule on certificate of appealability); <u>Rodriquez</u> v. <u>Scully</u>, 905 F.2d 24 (2d Cir. 1990) (*per curiam*). We certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. <u>See</u> <u>Coppedge</u> v. <u>United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED

THOMAS P. GRIESA
Chief Judge

APR 3 0 1998
Dated:  New York, New York

11



Doc#4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ABDUL-SHAHID FARRAKHAN MUHAMMAD,      :

      Plaintiff,                    :

    -against-                         :        <u>ORDER OF DISMISSAL</u>

                      :

NEW YORK CITY DEPARTMENT OF            :
CORRECTIONS; MICHAEL JACOBSON,         :
Commissioner; NAVOY #1354, FARINO,     :
DAGRESS, SPENCER, THOMPSON,            :
(or THOMAS), McCARTHY, Correction      :
Officer; IMAM ABDUSH-SHAHID            :
LUQMAN, Director Ministerial           :
Services; VINCENT McCLOUD,             :
Director Volunteer Services;           :
GEORGE R. VIERNO CENTER; JAMES A.      :
THOMAS CENTER; ALL GENERIC MUSLIM      :
SERVICES; JOHN DOES,                   :

                      :

      Defendants.                   :

------------------------------------------X



    Plaintiff, Abdul-Shahid Farrakhan-Muhammad, an inmate on
Rikers Island, brings this action pro se under 42 U.S.C. § 1983.
He alleges that defendants violated his constitutional rights by
preventing him from freely exercising his religion. Specifically,
plaintiff, a member of the Nation of Islam ("NOI"), claims that
defendants refused to accommodate his religious beliefs as they
differ from "generic" Orthodox Muslim beliefs. He seeks monetary
damages of $1,350,000 and injunctive relief. We grant plaintiff's
request to proceed in forma pauperis, but dismiss his complaint as

barred by <u>res judicata</u>.

On July 8, 1994, plaintiff filed an amended complaint in this Court, <u>Muhammad v. City of New York Department of Corrections</u>, 91 Civ. 6333 (LAP), claiming that, as a pre-trial detainee in various jails on Rikers Island, defendants failed to accommodate his specific religious needs as a member of NOI. Specifically, plaintiff sought increased access to NOI ministers, accommodations for his fasting holy days, and equal provisions for all religious sects.[1] In a seven-day bench trial, Judge Preska heard testimony

---

[1]Plaintiff's complaint before United States District Judge Loretta A. Preska stated, in relevant part, that he sought to have defendants:

(i) . . . recognize the Nation of Islam faith as a religion within the meaning of defendants' policies and practices;
(ii) . . . make available to plaintiff class members free and adequate access to Nation of Islam ministers for spiritual guidance and support;
. . .
(iv) promulgate directives recognizing the holy days of the members of the Nation of Islam and permitting daylight fasting on the holy days requiring it;
. . .
(vi) refrain from any conduct that substantially burdens the right of members of the class to exercise their religion if that conduct is not the least restrictive alternative of furthering a compelling state interest; and
(vii) . . . refrain from making any distinction among religions based on defendants' assessment of the content of the tenets of any religion.

2

frm witnesses including prison officials, NOI inmates, and religious experts.  In addition, Judge Preska conducted a site visit of Rikers Island and appointed plaintiff counsel, the law firm Gibson, Dunn & Crutcher.  On October 17, 1995, Judge Preska, in a lengthy fact-intensive opinion, held that the New York City Department of Corrections ("DOC") did not violate plaintiff's rights under the Free Exercise or Establishment clauses of the First Amendment to the United States Constitution.[2]  Muhammad v. City of New York Department of Corrections, 904 F.Supp. 161, 195-99 (S.D.N.Y. 1995).  Plaintiff now seeks to relitigate these same issues, albeit with different dates and names.  Accordingly, we

---

Muhammad, 904 F.Supp. at 165 (citing plaintiff's Second Amended Complaint at 17).

[2]Judge Preska's decision primarily focused on the stringent "compelling interest" test articulated in the Religious Freedom Restoration Act ("RFRA").  The test required the government to establish that the challenged policy furthers a compelling state interest in the least restrictive manner.  Religious Freedom Restoration Act of 1993, §3(b), formerly 42 U.S.C.A. §2000bb-1(b) of 1994.  The Court held that since DOC's policies satisfied this test, it followed that DOC's policies also satisfied all of Muhammad's First Amendment claims, whether they were assessed under the "compelling interest" test or the less stringent "reasonableness" test.

In 1997, the Supreme Court struck down the RFRA as unconstitutional.  See City of Boerne v. Flores, 117 S.Ct. 2157, 2160, 138 L.Ed.2d 624 (1997).  The City of Boerne decision, however, does not effect our decision in the instant action because it does not alter that portion of Judge Preska's holding on plaintiff's First Amendment claims.

find the instant complaint to be barred by res judicata.

The doctrine of res judicata bars actions by the same parties where the complainant relies upon facts "substantially identical" to those fully litigated and adjudicated on their merits in a prior judicial proceeding. Harborside Refrigerated Services, Inc. v. Vogel, 959 F.2d 368, 272 (2d Cir. 1992) (stating that "when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are therafter bound '. . . as to every matter which was offered and received to sustain or defeat the claim.'"); Winters v. Lavine, 574 F.2d 46, 56-57 (2d Cir. 1978). Three criteria must be met to bar a claim as res judicata. The second action must involve:  1.  the same transaction or series of transactions;  2. the same parties or their privies;  and 3.  the first action must be decided on the merits by a court of competent jurisdiction.  See Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1984);  Maharaj v. BankAmerican Corp., 128 F.3d 94, 97 (2d Cir. 1997) (quoting Restatement (Second) of Judgments §24(1) (1982)).

First, plaintiff's instant claims involve the same transaction or series of transactions as his prior claims because they are simply an extension of the facts complained about in plaintiff's first action. A "transaction" or "series of transactions" "are to

4

be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a nit conforms to the parties' expectations or business understanding or usage." Restatement (Second) of Judgments §24(2) (1982); see NBN Broadcasting, Inc. v. Sheridan Broadcasting Networks Inc., 105 F.3d 72 (2d Cir. 1997).

The facts underlying plaintiff's instant complaint simply demonstrate that defendants have stayed their course in operating the facilities on Rikers Island. Defendants' conduct has already been litigated and upheld. See Maharaj, 128 F.3d 94 (barring actions when "second cause of action requires the same evidence to support it and is based on facts that were also present in the first") (citation omitted). Plaintiff again alleges that defendants have not given him sufficient access to NOI ministers, accommodations for his fasting holy days, and equal provisions for all religious sects.[3] Because plaintiff's claims are based on

---

[3]Specifically, plaintiff now seeks to:
(i) "Order defendants to change DOC policy acknowledging The Nation of Islam as a Bona fide Religion/Religious group as to their beliefs, practices, observances";
(ii) "Order defendant to hire Nation of Islam Ministers under Affirmative Action Policy at DOC and EEOE Policy at DOC";
(iii) have "some accommodation [] made because of [his]

5

facts and DOC policies already upheld by this Court, the instant action involves the same transaction or series of transactions as litigated in the case before Judge Preska.

Similarly, plaintiff's instant action names the same defendants or their privies. Plaintiff's prior action named DOC, its Commissioner, and former Commissioners. Plaintiff in the instant action again names DOC and its Commissioner.

Plaintiff also, however, names several lower level DOC employees including, Captains and a Corrections Officer. We find that these employees are the same defendants or their privies because the named DOC employees have the same incentives and legal interest as the defendants in the first action. See Ferris v. Cuevas, 118 F.3d 122, 126-27 (2d Cir. 1997) (finding defendants in privity because they have same legal interest). Further, the named employees are likely to be represented by Corporation Counsel of the City of New York - the same lawyers that represented the first named defendants - another indication that they are in privity.

---

being in observance of a religious Holy Fast," "which is [different than] the orthodox Moslems as to the month it is observed";

(iv)  bar defendants "from further discriminations";

(v)  "prevent any and all future discrimination against [plaintiff] or any other NOI member held by defendants."
Plaintiff's Complaint at 1-3.

6

Id. at 126-27.   Accordingly, the employees, as defendants in privity, are protected from having to relitigate the current claims.

Finally, there is no question that this Court is a court of competent jurisdiction and that Judge Preska made a final judgment on the merits in the first action.   Judge Preska held a full trial on the issues, made a site visit, and appointed counsel.   While plaintiff's appeal to the Second Circuit was limited,[4] this Court adjudicated the merits of his case and found against him.   This Court has already spent a significant amount of time and energy in examining plaintiff's claims now raised for the second time. Accordingly, plaintiff's complaint filed in forma pauperis under 28 U.S.C. §1915(a)(1), is dismissed pursuant to 28 U.S.C. §1915(e)(2) as it "lacks an adequate basis in either law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), because it is barred by res

---

[4]Plaintiff only appealed the denial of prospective injunctive relief.   The Second Circuit found plaintiff's claim moot because he had been out of prison for approximately four years after the appeal was filed. See Muhammad v. City of New York Department of Corrections, 126 F.3d 119, 123 (2d Cir. 1997).   Between January 23, 1997, when plaintiff's case was argued in the Second Circuit and September 26, 1997, when the Second Circuit decided that plaintiff's case was moot, plaintiff's parole was revoked and he was returned to prison.   The Second Circuit's ruling that plaintiff's claim was moot does not negate the res judicata effect of Judge Preska's decision on the instant complaint.

judicata.[5]  We certify pursuant to 28 U.S.C. § 1915(a) that any

appeal from this order would not be taken in good faith.  See

Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED

_____

[5]Plaintiff also claims that defendants violated the United States Constitution 14th Amendment's Equal Protection Clause by accommodating, and thereby favoring, Orthodox Muslim beliefs over NOI beliefs.  See plaintiff's Complaint at 2-4.  Because plaintiff also raised these claims in his prior action, see Muhammad, 904 F.Supp. at 199, he is barred from raising them here.

It should also be noted that plaintiff claims he was denied medical care by being denied special food accommodations.  See plaintiff's Complaint at 2-4.  He supports this claim with a doctor's note stating that plaintiff should be given "either of the following 2 options: 1) To have food in the morning for after dinner; or 2) Be served food (dinner) after sunset."  Initially, it should be noted that plaintiff's doctor does not require the defendants to provide a medically prescribed diet.  Rather, plaintiff's doctor states that plaintiff should be given scheduling options.

Further, plaintiff does not allege facts showing DOC was deliberately indifferent to plaintiff's serious medical needs or that defendant's treatment constituted "'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment."  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "Deliberate indifference" must be evidenced by proof that corrections personnel intentionally denied, delayed access to or interfered with prescribed treatment.  Id. at 104-06; Gill v. Mooney, 824 F.2d 192, 195-96 (2d Cir. 1987); Todaro v. Ward, 565 F.2d 48, 52 (2d Cir. 1977); Collins v. Ward, 652 F. Supp. 500, 510 (S.D.N.Y. 1987); Williams v. Coughlin, 650 F. Supp. 955, 957 (S.D.N.Y. 1987).  Plaintiff's doctor's note does not demonstrate that defendant had a serious medical need or that DOC was deliberately indifferent to his medical needs.  Thus, no claim under § 1983 is presented.

8

THOMAS P. GRIESA
Chief Judge

**FEB 04 1998**

Dated:      New York, New York